IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TULSA AIRPORTS
IMPROVEMENT TRUST,

    Plaintiff,

v.

FRANK R. MONTERO,

    Defendant.

Case No. 23-CV-143-GKF-JFJ

## ORDER

This matter is before the court on defendant Frank R. Montero's Notice of Removal filed April 10, 2023 ("Notice"). [Doc. 1].[1] In the Notice, Mr. Montero attempts to remove a civil case filed against him in the District Court in and for Tulsa County, Case No. SC-2023-162, to federal court, citing 28 U.S.C. § 1441. Section 1441(a) provides that some civil actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedures for removing a civil action from state court to federal court are set out in 28 U.S.C. § 1446.

The court addresses Mr. Montero's Notice *sua sponte* because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *See 1mage Software, Inc. v. Reynolds*

---

[1] Because Mr. Montero appears without counsel, the court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*& Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (noting that the "right to remove" is "to be determined according to the plaintiffs' pleading at the time of the petition for removal.")). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

The matter that Mr. Montero seeks to remove to this court, Case No. SC-2023-162, involves a forcible entry and detainer landlord/tenant dispute in small claims court.[2] Mr. Montero seeks to have this court enter a "stay of eviction" and a "stay of forcible entry and detainer." Plaintiff's Complaint in state court does not arise under any federal statutes, treaties, or the United States Constitution. Nor does plaintiff seek any monetary damages in state court, let alone damages in excess of $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332.

Because the facts in the complaint do not allege any constitutional violation or other violation of federal law, nor do they satisfy the requirements for diversity jurisdiction, the court finds no basis to exercise jurisdiction over this case, and it must be remanded to the District Court in and for Tulsa County for failure to satisfy the requirements of 28 U.S.C. § 1441.

THEREFORE, IT IS ORDERED that this case is remanded to the District Court in and for Tulsa County, Oklahoma.

---

[2] The court may take judicial notice of the filings in the referenced case in the District Court in and for Tulsa County as those proceedings have a direct relation to the matter at issue. *See St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (internal citation omitted) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

Dated this 12th day of April 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE