

**FILED**

APR 1 7 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

TULSA AIRPORTS
IMPROVEMENT TRUST,

        Plaintiff,

v.

FRANK R. MONTERO

        Defendant.

Case No. 23-CV-143-GKF-JFJ

---

## DEFENDANT'S MOTION TO RECONSIDER AND/OR VACATE ORDER OF DISMISSAL (Case No. 23-CV-143-GKF-JFJ)

---

COMES NOW, the Defendant, "Montero" and prayerfully pleads with this Court

to reconsider its Order of Dismissal, as the public's "health, safety and welfare are at risk".

**"SUBJECT MATTER JURISDICTION HAS BEEN PREVIOUSLY ESTABLISHED**

**BY THE TENTH CIRCUIT COURT OF APPEALS".**

May the HONONARBLE JUDGE; GREGORY KENT FRIZZELL, in the light of his most

recent ruling: In - Case No. CV - 05 – 329 – TCK – SAJ (N.D. Okla., Oct. 04, 2006).

_**Review the attached- PETITITION FOR WRIT OF CERTIORARI- "RECONSIDER"**_

*Filed September 13, 2019, **"IN SUPREME COURT OF THE UNITED STATES"**

Timely filed as Case No. 19-5939, filed by the herein named Defendant, Frank R. Montero.

Defendant, Frank R. Montero, also filed Case No. 18-5011 "In Tenth Circuit Court of

Appeals". Defendant alleges that the State of Oklahoma, City of Tulsa, Tulsa, Ok. and its

Trust, [T.A.I.T.] are polluting the Arkansas River at an alarming rate, EPA Violations!
The STATE OF OKLAHOMA'S HANDS ARE MORE "GUILTY" than that of Tyson Foods, Inc. T.A.I.T., now
seeks to evict the "whistle blower" Defendant "Montero" off of publicly owned airport to silence him.

# Re: FAA Office of Civil Rights Complaint Link



**Frank Monte <frankmonte251@gmail.com>**                    Tue, Dec 6,
                                                                   2022,
                                                              12:21 PM

to Cherry

Yes, I will. Frank Montero, herein gives his consent signed /s/ FRANK R. MONTERO ,
GIVES HIS CONSENT TO CONTINUE ACCORDINGLY

On Tue, Dec 6, 2022 at 11:32 AM Smith, Cherry (FAA) <Cherry.Smith@faa.gov> wrote:
Good Morning Frank,

Can you sign the consent/release form and submit the document back to me via email.

Thanks

| | |
|---|---|
| **Cherry Smith**<br>Equal Opportunity Compliance Specialist (Title VI Program)<br>Office of Civil Rights<br>(ACR-4B)<br><br>Office: 718-553-3299<br>Fax: 718-553-3066<br>Email: Cherry.Smith@faa.gov | Federal Aviation Administration<br>Office of Civil Rights<br>1 Aviation Plaza – Room 217<br>Jamaica, NY 11434<br><br>www.faa.gov |

This e-mail message is intended solely for the recipient(s) above. The information may be privileged and
confidential. If you are not the intended recipient of this message, notify the sender immediately and
delete the original message.

**From:** Smith, Cherry (FAA)
**Sent:** Monday, December 5, 2022 5:52 PM
**To:** 'Frank Monte' <frankmonte251@gmail.com>
**Subject:** RE: FAA Office of Civil Rights Complaint Link

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TULSA AIRPORTS
IMPROVEMENT TRUST,

     Plaintiff,

v.                                                    Case No. 23-CV-143-GKF-JFJ

FRANK R. MONTERO,

     Defendant.

## <u>ORDER</u>

This matter is before the court on defendant Frank R. Montero's Notice of Removal filed April 10, 2023 ("Notice"). [Doc. 1].[1] In the Notice, Mr. Montero attempts to remove a civil case filed against him in the District Court in and for Tulsa County, Case No. SC-2023-162, to federal court, citing 28 U.S.C. § 1441. Section 1441(a) provides that some civil actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedures for removing a civil action from state court to federal court are set out in 28 U.S.C. § 1446.

The court addresses Mr. Montero's Notice *sua sponte* because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *See 1mage Software, Inc. v. Reynolds*

---

[1] Because Mr. Montero appears without counsel, the court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

& *Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S.

500, 501 (2006)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he propriety of removal

is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins.*

*Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)

(noting that the "right to remove" is "to be determined according to the plaintiffs' pleading at the

time of the petition for removal.")). "The burden of establishing subject-matter jurisdiction is on

the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

The matter that Mr. Montero seeks to remove to this court, Case No. SC-2023-162,

involves a forcible entry and detainer landlord/tenant dispute in small claims court.[2] Mr. Montero

seeks to have this court enter a "stay of eviction" and a "stay of forcible entry and detainer."

Plaintiff's Complaint in state court does not arise under any federal statutes, treaties, or the United

States Constitution.  Nor does plaintiff seek any monetary damages in state court, let alone

damages in excess of $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332.

Because the facts in the complaint do not allege any constitutional violation or other

violation of federal law, nor do they satisfy the requirements for diversity jurisdiction, the court

finds no basis to exercise jurisdiction over this case, and it must be remanded to the District Court

in and for Tulsa County for failure to satisfy the requirements of 28 U.S.C. § 1441.

THEREFORE, IT IS ORDERED that this case is remanded to the District Court in and for

Tulsa County, Oklahoma.

---

[2] The court may take judicial notice of the filings in the referenced case in the District Court in and for Tulsa County as those proceedings have a direct relation to the matter at issue. *See St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (internal citation omitted) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

Dated this 12th day of April 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Frank R. Montero, pro-se; - PETITIONER

VS.

Tulsa Airport Improvements Trust – RESPONDENT

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed in *forma pauperis*.

Please check the appropriate boxes:

[X] Petitioner has previously been granted leave to proceed in *forma pauperis* in the following court(s):
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

☐ Petitioner has **not** previously been granted leave to proceed in forma pauperis in any other court.

[X] Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law; _____, or

☐ a copy of the order of appointment is appended.

*Frank R. Montero, pro-se*

No. _____

# In The

# Supreme Court Of THE United States

◆

FRANK R. MONTERO, PETITITONER,

VS.

TULSA AIRPORT IMPROVEMENT TRUST, A/K/A T.A.I.T., RESPONDENT.

◆

## ON PETITION FOR A WRIT OF CERTIORARI TO

### The United States Court Of Appeals

### For The Tenth Circuit

◆

## *PETITION FOR WRIT OF CERTIORARI*

Frank R. Montero
Pro-Se Litigant/Petitioner
10041 So. 91st East Ave.
Tulsa, Oklahoma 74133-6122
(918) 740-9045
Frankmonte251@gmail.com

## QUESTIONS PRESENTED

1. When the Supreme Court of the State of Oklahoma, states in a "Writ of Mandamus" that a State District Judge violated "Federal Due Process" did it raise "Federal Question Jurisdiction" that then became, the jurisdiction of the United States Federal Court? "Especially after the Judge then awarded attorney fees". Pursuant to; *"Title 28 U.S. Code § 1443" [Plaintiff alleged a Constitutional violation]!*

2. Did the United States Court of Appeals for the Tenth Circuit in petitioner's appeal have a judicial obligation to make a ruling on the appellant's timely filed "Motion For Summary Judgment" that went unanswered by the defendant? "Which was the very issue and merit of appellant's appeal"! *"Violation of LCvR7.1(g) "Motions"*

3. Was Federal Jurisdiction established by the United States Court of Appeals in its' approximate (10) ten "Orders" that were previously handed down to the Federal District Court, over a period of more than one year? Case is Civil Rights Violation!

4. Did the United States Court of Appeals for the Tenth Circuit, abuse its discretion by remanding this case back to the same State Court judge that denied this petitioner his Federal Due Process of Law, made evident by a "Writ of Mandamus"?

5. Did the United States Court of Appeals for the Tenth Circuit deny Due Process of Law, by denying a "Re-Hearing" and by entering a ruling on appellants' appeal, before even reviewing appellant's "Final Optional Brief" *that clearly established the existence of "Federal Question Jurisdiction"? Title 28 U.S. Code § 1443, accordingly!*

*The local and national importance as to why the Supreme Court should decide this case directly involves the citizens "Health, Safety and Public Welfare" on federally funded airports.*

# QUESTION(S) - PRESENTED (1-5)

Petitioner, pleads with this Court, to decide this case on the issues beyond the particular facts and parties involved, and in so doing will clearly preserve the "HEALTH, SAFETY AND PUBLIC WELFARE" of its citizens and prevent another, **Flint Michigan**- life and death situation from occurring here, in this case.

1. When a State Court district judge, is stated to have violated and deprived a plaintiff of his **fundamental right guaranteed by the U.S. Due Process of Law Clauses of the Fifth and Fourteenth Amendments** made evident by the means of an issuance of a "Writ of Mandamus" issued by the Supreme Court of the State of Oklahoma, {*as is the concise evidence in this case*}. **Did Federal Question Jurisdiction exists?**

- *Citing: Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921).*

   *Pursuant to: 28 U.S.C. § 1443 (1)*. Which clearly states the following, in all:

### *"CIVIL RIGHTS CASES IN THE UNITIED STATES"*

Federal Jurisdiction exists for any person who is denied or cannot enforce in the <u>courts</u> of such <u>State</u> a right under any law providing for the equal civil rights of citizens of the United <u>States</u>, or of all persons within the jurisdiction thereof;

Especially when the denial of **U.S. Due Process of Law,** not only violates this petitioner's **fundamental right guaranteed by the Fifth and Fourteenth Amendment,** but also further violates Federal Law, by giving no consideration to the extreme importance to the public's ***health, safety, and*** <u>welfare</u> of the United States Citizens of the State of Oklahoma, and all surrounding and adjoining neighboring states, including the **Federally regulated Arkansas River.**

2.  Because both the Federal District Court of the Northern District Of Oklahoma and the United States Court Of Appeals For The Tenth Circuit, had demonstrated and exercised "jurisdictional and supplemental jurisdiction" in the following cases;[*Case No. 18-5011 "For The Tenth Circuit Court" and Case No. 4:17-CV-00622-TCK-JFJ, in the Federal District Court (N.D. Okla.)*]. This petitioner raises the question. **Did the United States Court Of Appeals For The Tenth Circuit, in Case No. 18-5011, have a judicial obligation to make a ruling on plaintiff's / appellant's timely filed "_Motion for Summary Judgment_"?** *This was the very issue raised and the merit of appellants' appeal, that went unaddressed by the* **United States Court Of Appeals For The Tenth Circuit.**

Plaintiff / Petitioner alleges and asserts that both of the above courts, unlawfully ignored the "scopes of rules" [Fed. Civ. 56.1] that govern procedure in the United States Court. Because the United States Court Of Appeals For The Tenth Circuit, exercised its "jurisdictional authority" by dismissing and vacating the defendant's "Motion To Dismiss For Lack of Jurisdiction" in Plaintiffs'/ Appellants' appeal Case No. 18-5011, in favor of this Plaintiff / Appellant.  The Court also should have exercised its jurisdictional authority to make a ruling to; **_grant_** plaintiff / appellant his timely filed "**_Motion For Summary Judgment_**" that went unanswered by the defendant, who grossly failed to file or enter a pleading in objection to the Plaintiffs' timely filed "Motion For Summary Judgment". **_Rule LCvR7.1(g)._**

**3.** Did the United States Court Of Appeals For The Tenth Circuit, adjudicate, exercise, and execute *"jurisdictional authority"* in appellant's appeal in Case No. 18-5011? When it executed the (ten to twelve) *"ORDERS"*, the Court handed down to the **Federal District Court.** Stating following:

> When a party, [files a motion to amend the complaint after the district court grants a motion to dismiss], **this court (The Tenth Circuit Court of Appeals)** treats such a motion as one made under either Fed. R. Civ. P. 59 or 60, depending upon when the motion is filed. **The Tenth Circuit Court of Appeals,** then cited in its (ten to twelve orders it handed down) the following case law.

- *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)

**Pursuant to its very own ORDER:** Where [a] motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label.

**4.** Did the United States Court Of Appeals For The Tenth Circuit, abuse its discretion above the scope of its own jurisdictional authority, by remanding this case back to State Court? Especially back to a State Court Judge, who was cited for violating **"FEDERAL DUE PROCESS OF LAW".**

**5.** Did the United States Court Of Appeals For The Tenth Circuit, deny, appellant, his **FEDERAL DUE PROCESS OF LAW?** By denying his petition for a **re-hearing,** *see* **"Federal- Question Jurisdiction"** *28 U.S.C. §1443.*

# LIST OF PARTIES

( ) All parties appear in the caption of the case on the cover page.


(X) All parties **do not** appear in the caption of the case on the cover page. A list of

All parties to the proceedings in the court whose judgment is the subject of this

petition is as follows: *See: www.oscn.net for related cases in Oklahoma.*

"City of Tulsa, Tulsa Oklahoma" is an additional party; [as identified in the

Defendant's Corporate Disclosure Statement] Case No. 4:17-CV-00622-TCK-JFJ,

see; **Federal District Court (N.D. Okla.) (ECF No. 10) dated 12-13-2017.**

**"Tulsa Airport Improvements Trust, A/K/A, T.A.I.T., A/K/A, TAA."**

## RELATED CASES

- **Frank R. Montero v. Tulsa Airport Improvements Trust. Federal**
  **Federal District Court (N.D. Okla.) 4:17-CV-00622-TCK-JFJ**
  **Judgment entered: "Opinion and Order"**
  **Judgement entered: January 10, 2018.**

- **Frank R. Montero v. Tulsa Airport Improvements Trust**
  **"SUPREME COURT OF THE STATE OF OKLAHOMA"**
  **"Writ of Mandamus" [Denial of Federal Due Process of Law]**
  **Case No. MA-114675 "Writ granted in favor of Plaintiff"**
  **Judgment entered: March 21, 2016.**

- **Frank R. Montero vs. Tulsa Airport Improvements Trust, Case No.**
  **Case No. CV-2014-72, "Erroneous award of attorney fees"**
  ***After the Judge who was charged with the "Denial of Due Process"***
  **Judgment Entered: December 20, 2016.**

## TABLE OF CONTENTS

Page[s]

OPINIONS BELOW ................................................................... 1

PETITION "FOR WRIT OF CERTIORARI" (pages 2-22) **per Rule 33.2(b).** ............. 2

JURISDICTION ...................................................................... 5

TIMELINESS OF PETITION, FOR "WRIT OF CERTIORARI"
**Re-Hearing date was denied on June 13, 2019.**
*__FINAL DUE DATE:__ PER RULE 13.1 IS THE 13TH DAY OF SEPTEMBER 2019* ....... 6

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED .................... 7

STATEMENT OF THE CASE ..................................................... 12

REASONS FOR GRANTING THE WRIT ..................................... 16

CONCLUSION .................................................................... 19

PRAYER OF RELIEF ............................................................ 22

**Proof of Service:**

- Served a copy of petition on counsel for respondent(s) as required by Rule 29.
- Use the enclosed proof of service form, as was provided online.

<u>OPINION</u>

<u>As Cited in: Smith vs. Kansas City Title & Trust Co., 255 U.S.180 (1921).</u>

The <u>United States Supreme Court</u> case that helped define the range and scope of <u>federal question</u> <u>jurisdiction</u> in state <u>corporate law</u> matters.

**Argued January 6, 7, 8 & October 14, 15, 1920.**

**Decided February 28, 1921.**

*HOLDING:*

## Jurisdiction of the District Court

Justice <u>William R. Day</u> authored the majority opinion for Smith v. KC Title & Trust Co. The Court ruled that "even where a <u>cause of action</u> arises under state law, a federal court may have jurisdiction if it appears that the right to relief rests on the construction or application of a federal law." Justice Day ruled that the District Court had jurisdiction, stating, "the general rule is that where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision." So, since this case dealt with federal matters, the Supreme Court ruled that the District Court still has jurisdiction under certain circumstances

**LAWS APPLIED: Article III of the United States Constitution (Section II).**

The Supreme Court's ruling gave a new precedent for federal-question jurisdiction. The ruling for *Smith v. Kansas City Title & Trust Co.* took power from state law and gave power to federal law. By ruling on the constitutionality of the issue, the Supreme Court took a district case and made it federal. By doing so, the court redefined the boundaries for federal-question jurisdiction.

**Federal Due Process of Law, clearly is a constitutional violation, petitioner in transferring his case to Federal District Court, raised a Federal Question Jurisdiction.**

1

## INDEX TO APPENDICES

APPENDIX "A" (1-6) <u>Order and Judgment, Opinion and Order</u>, Order Re-hearing Denied.

    **1.) Opinion and Order (Fed Dist. Court) dated....... January 10, 2018.**

    **2.) Order on "Motion to Amend Petition" dated........September 4, 2018. (10ᵗʰ Cir.)**

    **3.) Opinion and Order (Fed. Dist. Court) dated.........January 29, 2019.**

    **4.) Order and Judgment (10ᵗʰ Cir. Court) dated .......May 20, 2019.**

    **5.) Order denying Re-hearing (10ᵗʰ Cir. Court) dated June 13, 2019.**

    **6.) Order (10ᵗʰ Cir. Court) "remand back to State Court" dated............ June 21, 2019.**

Appendix B. (1-4) <u>**STATE COURT, "WRIT OF MANDAMUS" DUE PROCESS DENIED.**</u>

    **1. ORDER; Supreme Court of the State of Oklahoma, Case No. Ma-114675**

       **Montero vs. Judge Jefferson D. Sellers. Dated March 21, 2016.**

       **Issued "Writ of Mandamus" granted in favor of this pro-se plaintiff. The Writ...**

       **Cited:** *Clark v. Board of Education of Independent School District No. 89,*

          **2001 OK 56, ¶ 7, 32 P.3d 851.** The trial judge's failure to rule upon her quest to disqualify him deprived her of a fundamental right guaranteed by the Due Process.

    **2. Erroneous award of attorney fees by same Judge who denied Due Process of Law.**
       **Montero vs. Tulsa Airport Improvements Trust, a/k/a TAIT, a/k/a TAA.**
       **Case No. CV-2014-72                Dated December 20, 2016.**
       **[JOURNAL ENTRY OF JUDGMENT ATTORNEY FEES AND COST]**
       A challenge to an assigned judge for want of impartiality presents constitutional issues.

    **3. Order, State Court, denying "Motion for New Trial", dated January 26, 2017.**

    **4. Montero vs. Tulsa Airport Improvements Trust, Case No. 115,748; filed in the:**

       **In The Supreme Court OF THE STATE OF OKLAHOMA.**

       **"ORDER" – Dismissing Appellant's Appeal. Order dated December 15, 2017.**
       **"Dismissed during the specific pendency of time litigation was in Federal Court!**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

FRANK R. MONTERO,                    )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )    Case No. 17-CV-622-TCK-JFJ
                                     )
TULSA AIRPORT IMPROVEMENTS           )
TRUST,                               )
                                     )
            Defendant.               )

### OPINION AND ORDER

Before the Court is Plaintiff Frank Montero's *pro se* Complaint (styled as "Petition") (hereinafter "Complaint") (Doc. 4). For reasons discussed below, the Complaint is dismissed *sua sponte* because the *Rooker-Feldman* doctrine prevents this Court from exercising subject-matter jurisdiction over this case. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

### I.    Background

On January 15, 2014, Plaintiff filed suit against Defendant in the District Court for Tulsa County ("State Court Action"), alleging breach of contract and various claims of property damage arising out of Plaintiff's lease of an airplane hangar from Defendant. (Complaint, *Montero v. Tulsa Airport Auth.*, CV-2014-72.)[1] Plaintiff alleged that Defendant stole his septic tank, gave it to his neighbor, and installed an illegal bootlegged septic tank on Plaintiff's leased airplane hangar. *Id.*

---

[1] The description of Plaintiff's claims in the State Court Action is based on (1) representations in Plaintiff's allegations set forth in his Complaint in this case, and (2) certain documents from the state court docket, of which the Court takes judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . ."). The State Court Action weighs on this Court's ability to exercise subject-matter jurisdiction here. Accordingly, this Court will take judicial notice of relevant documents from that proceeding.

-Appendix "A-1" -

Plaintiff also alleged that he should not be required to purchase a mandatory liability insurance policy pursuant to the parties' lease agreement ("Ground Lease Contract"), as the Ground Lease Contract was between Defendant and A.A. Inc., Plaintiff's corporation, rather than with Plaintiff personally, and also contained other technical defects. (Compl. at 2.) In the State Court Action, the judge judicially reformed the Ground Lease Contract to be between Defendant and Frank Montero personally. (*Id.* at 2, 6.) The state court also granted Defendant's motion to dismiss and entered final judgment on July 14, 2015. (Final Judg. of Dismissal with Prej., *Montero v. Tulsa Airport Auth.*, CV-2014-72.) Plaintiff filed the instant action on November 14, 2017.

## II. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, a plaintiff has the burden to allege sufficient jurisdictional facts to establish federal subject-matter jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff to properly allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court addresses Plaintiff's Complaint *sua sponte* because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)); *see also* FED. R. CIV. P. 12(h)(3). A court may raise the question of subject-matter jurisdiction "at any stage in the litigation." *Id.*

This case raises the potential application of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine establishes that, as a matter of subject-matter jurisdiction, only the United States Supreme Court has appellate authority to review a state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, this Court may not review a

2

state-court judgment. *Id.* The *Rooker-Feldman* doctrine, however, does not extend to parallel federal actions, or to independent claims, even if those claims raise overlapping legal issues. Such cases would be subject only to preclusion law. *See id.*, 544 U.S. at 292-93.

**III.    Analysis**

Plaintiff is a *pro se* litigant participating in this proceeding *in forma pauperis*; accordingly, the Court construes his allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can reasonably read Plaintiff's Complaint to state a valid ground for jurisdiction, the Court should do so "despite the plaintiff's failure to cite proper legal authorities, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements." *Id.* However, it is not the proper function of this Court to assume the role of advocate for the *pro se* litigant. *See id.*

Although Plaintiff's allegations are not clearly stated, Plaintiff appears to seek reconsideration of the claims he raised in the State Court Action, as well as relief from enforcement of the judgment in that case. In the Complaint, Plaintiff lists his causes of action as follows: (1) declaratory judgment; (2) unlawful conversion of an out-of-state corporation; (3) wrongful conversion of Plaintiff's septic tank; (4) "sounds in tort causing property damage"; (5) "civil rights violations"; and (6) breach of contract. (Compl. at 7-9.) Despite the liberal construction that this Court affords to *pro se* pleadings, this Court cannot construe these listed claims as anything other than claims seeking review of and relief from the judgment in the State Court Action. Plaintiff's first cause of action requests immediate relief from the judgment in the State Court Action, while his remaining causes of action challenge the judgment in the State Court Action.

Throughout his Complaint, Plaintiff describes the same conduct which he first challenged in the State Court Action, and how that conduct has caused him harm. For example, Plaintiff

3

describes Defendant's alleged breach of contract and Defendant's attempt to enforce the Ground Lease Contract against him, rather than against A.A. Inc. (*Id.* at ¶¶ 4, 18.) Similarly, Plaintiff describes Defendant's alleged misconduct related to his septic tank, including that Defendant stole his septic tank, gave it to his neighbor, and installed an illegal, bootlegged septic tank on his property. (*Id.* at ¶ 18.) Plaintiff also describes the judgment in the State Court Action, such as the decision to judicially reform the Ground Lease Contract, as well as how that judgment has harmed him, in great detail. (*Id.* at ¶¶ 4-6.) Moreover, Plaintiff devoted his entire jurisdiction section and statement of facts to describing the harm he suffered as a result of the State Court Action and its underlying events. (*Id.* at ¶¶ 4-18.) Finally, Plaintiff has pleaded no facts that suggest this case falls outside the *Rooker-Feldman* doctrine. Specifically, he has not pleaded any allegations that this federal court action is a parallel action to the State Court Action, or pleaded any facts indicating that Plaintiff has any claims independent of the State Court Action.

Taken together, Plaintiff's Complaint demonstrates that he is seeking, essentially, a review of the judgment in the State Court Action, rather than the adjudication of separate claims. Accordingly, the Court lacks subject-matter jurisdiction in this proceeding, pursuant to the *Rooker-Feldman* doctrine. Plaintiff's Complaint (Doc. 4) is therefore **DISMISSED** Federal Rule of Civil Procedure 12(b)(1). A separate judgment of dismissal is entered herewith.

**SO ORDERED this 10th day of January, 2018.**

**TERENCE C. KERN**
**United States District Judge**

4

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

FRANK R. MONTERO,

    Plaintiff - Appellant,

v.

TULSA AIRPORT IMPROVEMENTS
TRUST,

    Defendant - Appellee.

No. 18-5011
(D.C. No. 4:17-CV-00622-TCK-JFJ)
(N.D. Okla.)

---

### ORDER

---

This matter is before the court on the *Status Report* appellant Frank R. Montero

filed with this court on August 30, 2018. Upon consideration, the court continues the

abatement of this appeal until the district court rules on Mr. Montero's *Motion to*

*Alter/Amend Petition*, which motion the district court may construe as a motion under

Rule 59 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e); Fed. R. App.

P. 4(a)(4); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 884 (10th Cir. 2011) ("When a

party [files a motion to amend the complaint after the district court grants a motion to

dismiss], this court treats such a motion as one made under either Fed. R. Civ. P. 59 or

60, depending upon when the motion is filed."); *Yost v. Stout*, 607 F.3d 1239, 1243 (10th

Cir. 2010) ("Where [a] motion requests a substantive change in the district court's

judgment or otherwise questions its substantive correctness, the motion is a Rule 59

motion, regardless of its label.").

- Appendix "A-2" -

On or before November 5, 2018, Mr. Montero shall file a written report advising this court only of the status in the district court of his *Motion to Alter/Amend Petition*.

If the district court rules on the *Motion to Alter/Amend Petition* before November 5, 2018, Mr. Montero shall promptly notify this court in writing. Once the district court has ruled on that motion: (1) the Clerk of the district court shall supplement the preliminary record as Tenth Circuit Rule 3.2(B) requires; and (2) this court will set a due date for Mr. Montero's opening brief and will send him a form on which to submit it. Mr. Montero should state any arguments he wishes to make regarding the merits of his appeal at that time and in that form.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by: Lisa A. Lee
Counsel to the Clerk

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FRANK R. MONTERO,                    )
                                     )
              Plaintiff,             )
                                     )
vs.                                  )   Case No. 17-CV-622-TCK-JFJ
                                     )
TULSA AIRPORT IMPROVEMENTS           )
TRUST,                               )
                                     )
              Defendant.             )

**OPINION AND ORDER**

Before the Court are Plaintiff Frank Montero ("Plaintiff")'s Motion to Amend (Doc. 22), Motion to Strike Documents (Doc. 29), and Motion for Sanctions (Doc. 33). For the reasons discussed below, Plaintiff's Motions are **DENIED**.

I.      **Background**

Plaintiff filed the instant action *pro se* on November 14, 2017, apparently seeking reconsideration of claims he raised in a state court action and relief from enforcement of the judgment in that case. This Court found that it could not exercise jurisdiction over these claims due to the *Rooker-Feldman* bar on exercising appellate jurisdiction over a state-court judgment, and dismissed the instant action *sua sponte* on January 10, 2018. (Doc. 21). Plaintiff filed his Motion to Amend (Doc. 22) on January 16, 2018, and then filed his Notice of Appeal, filed on February 7, 2018 (Doc. 24). Plaintiff later filed a Motion to Strike (Doc. 29) on February 20, 2018 and a Motion for Sanctions (Doc. 33) on March 30, 2018. The Tenth Circuit has abated the appeal, and suspended briefing pending this Court's ruling on Plaintiff's Motion to Amend. (Doc. 30.)

II.     **Motion to Amend**

The Tenth Circuit instructed this Court to construe Plaintiff's Motion to Amend as a Motion under Rule 59(e). (Doc. 30). A Motion to Alter or Amend Judgment under Federal Rule

1

_Appendix "A-3" -

of Civil Procedure 59(e) ("Rule 59(e)") is warranted when there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted). A Motion to Alter or Amend Judgment is not appropriate, however, "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*, *see June v. Union Carbide Corp.*, 577 F.3d 1234, 1247 (10th Cir. 2009); *Grayson v. DynaTen Corp.*, No. 10-cv-795-TCK-PJC, 2012 U.S. Dist. LEXIS 74885 at *3 (N.D. Okla. May 31, 2012). A motion pursuant to Rule 59(e) is designed "to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *See Hill v. Mem'l. Drive United Methodist Church*, 17-cv-227-CVE-JFJ, 2018 U.S. Dist. LEXIS 69232, *4 (N.D. Okla. Apr. 25, 2018); *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-cv-384-JHP-FHM, 2009 U.S. Dist. LEXIS 22312, *2 (N.D. Okla. Mar. 19, 2009).

In this case, Plaintiff contends that if he is permitted to "amend his petition" (sic) to add the F.A.A., the D.E.Q., the E.P.A. and the State of Oklahoma as Defendants, this Court will have subject-matter jurisdiction over the instant action. However, this argument is misplaced, as Plaintiff fails to demonstrate how his own failure to name all appropriate Defendants falls within the narrow circumstances that warrant granting a motion under Rule 59(e). Indeed, Plaintiff has alleged no intervening change in the controlling law, no new evidence that was previously unavailable, and no need to correct clear error or prevent manifest injustice, which would warrant granting a motion under Rule 59(e). Absent any appropriate explanation, Plaintiff's attempt to name additional Defendants at this juncture would do nothing more than "offer [him] a second bite of the proverbial apple." *See Hill*, 2018 U.S. Dist. LEXIS 69232, *4; *Syntroleum Corp*, 2009 U.S. Dist. LEXIS 22312, *2. Accordingly, Plaintiff's Motion to Amend (Doc. 22) is **DENIED**.

### III.    Motion to Strike Documents

Plaintiff has filed a Motion to Strike Defendant's Response to Plaintiff's Motion to Amend (Doc. 29). Though Plaintiff's motion is unclear, it appears that Plaintiff made his Motion to Strike under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, briefing in support of or opposition to a motion is not a pleading, and may not be stricken pursuant to Rule 12(f). *See* Fed. R. Civ. P. 7(a) (the only "pleadings" allowed are complaints, answers, and replies to answers); *McNeil v. Post*, No. 15-cv-478-JHP-PJC, 2016 U.S. Dist. LEXIS 69099, *20 (N.D. Okla. May 26, 2016) (denying to a motion to strike a party's motion to amend as motions are not pleadings); *Nadel & Gussman, LLC v. Reed Family Ranch LLC*, 998 F. Supp. 2d 1211, 1219 (N. D. Okla. May 15, 2014) (denying a motion to strike a motion for certification because a motion is not a pleading and may not be stricken pursuant to Rule 12(f)). Because Defendant's Response to Plaintiff's Motion to Amend is not a pleading, it may not be stricken pursuant to Rule 12(f). Plaintiff's Motion to Strike (Doc. 29) is **DENIED.**

### IV.    Motion for Sanctions

Plaintiff has filed a Motion for Sanctions against Defendants under Federal Rule of Civil Procedure 11(b) ("Rule 11(b)"), also based on Defendant's filing of a Response to Plaintiff's Motion to Amend (Doc. 23).

> Under Rule 11(b), for every pleading, motion, or other paper presented to the court, an attorney must certify, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, (1) that he isn't presenting the filing for any improper purpose, (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law, (3) that the factual contentions are warranted on the evidence or will likely have support after further investigation, and (4) that the denials of factual contentions have similar support. Fed. R. Civ. P. 11(b).

3

When, after notice and an opportunity to respond, a court determines that an attorney has violated Rule 11(b), it may impose sanctions under Rule 11(c).

*King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018).

In this case, the Court has no basis for concluding that Defendant's counsel violated Rule 11(b). Plaintiff's argument is limited to the allegation that Defendant filed its response "in direct defiance to the acknowledged correction entered by the Court Clerk on the 17th day of February, 2018 [event to Motion to Amend]." (Doc. 33.) Plaintiff appears to challenge Defendant's Response being titled "Defendant's Response to Plaintiff's Motion to Alter Judgment" while the Motion is docketed as "Motion to Amend." However, Plaintiff has not alleged that Defendant filed the Response for any improper purpose or that Defendant's factual or legal contentions are unwarranted. Indeed, regardless of how the motion has been docketed, Defendant's Response addressed the substance of Plaintiff's Motion, which remained unchanged by the way in which it was docketed. Accordingly, this Court cannot, without more, find that Defendant has violated Rule 11(b). Plaintiff's Motion for Sanctions (Doc. 33) is **DENIED.**

## V.    Conclusion

For the reasons set forth above, Plaintiff's motions are all denied.

Plaintiff's Motion to Amend (Doc. 22) is **DENIED.**

Plaintiff's Motion to Strike Documents (Doc. 29) is **DENIED.**

Plaintiff's Motion for Sanctions (Doc. 33) is **DENIED.**

**SO ORDERED.**

**DATED THIS 29th day of January, 2019.**

*Terence C Kern*

**TERENCE C. KERN**
**United States District Judge**

4

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 20, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| FRANK R. MONTERO, | |
| Plaintiff - Appellant, | No. 18-5011 |
| v. | D.C. No. 4:17-CV-00622-TCK-JFJ |
| | (N.D. Okla.) |
| TULSA AIRPORT IMPROVEMENTS TRUST, | |
| Defendant - Appellee. | |

---

**ORDER AND JUDGMENT[*]**

---

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

In this case, a pro se plaintiff sued in state court and then purported

to transfer or remove the case to federal court. The federal district court

dismissed the action based on the *Rooker-Feldman* doctrine. Though this

doctrine doesn't apply, a plaintiff can't transfer or remove a case to federal

---

[*]     Oral argument would not materially help us to decide this appeal. *See*
Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided
the appeal based on the briefs and record on appeal.

     This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_Appendix "A-4" -

court after suing in state court. We thus vacate the dismissal and remand
with directions to remand the case to state district court.

## 1.    Background

Mr. Frank Montero sued the Tulsa Airport Improvements Trust in
Oklahoma state district court. The state district court entered judgment for
the Trust and awarded attorney's fees to the Trust. Mr. Montero then
unsuccessfully moved for post-judgment relief and appealed to the
Oklahoma Supreme Court.

While the appeal was pending in the Oklahoma Supreme Court, Mr.
Montero began this action in federal district court by moving to transfer
venue. In the motion, Mr. Montero

- referred to the state case and

- purported to either transfer the state case to federal district
  court (under 28 U.S.C. § 1404(a)) or remove the state case to
  federal district court (under 28 U.S.C. § 1441).

The federal district court dismissed the action *sua sponte* under the
*Rooker-Feldman* doctrine, which would preclude subject-matter
jurisdiction.[1] The plaintiff appeals the dismissal.[2]

---

[1]    The Trust also moved to strike Mr. Montero's filings and to dismiss
the case for lack of subject-matter jurisdiction. The district court did not
rule on these motions.

[2]    Mr. Montero also filed a motion to alter the dismissal. The district
court denied this motion, but Mr. Montero did not file a notice of appeal
with respect to that ruling.

## 2. The District Court's Reliance on the *Rooker-Feldman* Doctrine

We engage in review de novo of the dismissal for lack of subject-matter jurisdiction. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Exercising de novo review, we conclude that the district court erred in dismissing the action under the *Rooker-Feldman* doctrine. "[F]ederal jurisdiction is not barred by the *Rooker-Feldman* doctrine if suit 'was filed before the end of the state courts' appeal process.'" *Id.* (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1029 (10th Cir. 2006)). Mr. Montero brought this suit before the state-court appeal was decided, so the *Rooker-Feldman* doctrine does not apply.

## 3. Invalidity of Mr. Montero's Transfer or Removal

But we conclude that the district court lacked jurisdiction because a plaintiff cannot

- transfer a case from state court to federal district court under 28 U.S.C. § 1404(a) or

- remove a case from state court to federal district court under 28 U.S.C. § 1441.[3]

---

[3] Mr. Montero argues that the defendant was late in moving to dismiss. A motion to dismiss (or remand) for lack of subject-matter jurisdiction can be made at any time. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (noting that a motion to remand for lack of subject-matter jurisdiction may be made "at any time"). But even if the Trust had been late in raising the issue, we would need to decide *sua sponte* whether jurisdiction existed in

Section 1404(a) authorizes a federal district court to transfer a case on its docket to another federal district court; this section does not allow a state court to transfer a case to federal court. *See* 28 U.S.C. § 1404(a); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("Congress enacted 28 U.S.C. § 1404(a) in 1948 'as a federal housekeeping measure, allowing easy change of venue within a unified federal system.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981))).

Section 1441 does permit removal of a case from state court to federal court. But a plaintiff like Mr. Montero cannot remove the case. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court).

\* \* \*

---

district court. *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014).

Mr. Montero could not transfer or remove his case from state court to federal court, so the federal court never obtained jurisdiction.[4] The case should thus return to state court. So we vacate the dismissal and remand with directions for the federal district court to remand to the state district court.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[4]    After Mr. Montero purported to transfer or remove the suit, he filed a federal petition that included federal claims. But Mr. Montero's right to transfer or remove the case is determined at the time of the purported transfer or removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (noting that the "right to remove" is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."). Accordingly, we do not address the issues that Mr. Montero raises in his federal petition.

FILED
United States Court of Appeals
Tenth Circuit

June 13, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

FRANK R. MONTERO,

    Plaintiff - Appellant,

v.

TULSA AIRPORT IMPROVEMENTS
TRUST,

    Defendant - Appellee.

No. 18-5011

## ORDER

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

    Appellant's petition for rehearing is denied.

    The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

-Appendix "A-5"-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANK R. MONTERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CV-622-TCK-JFJ |
| | ) | |
| TULSA AIRPORT IMPROVEMENTS | ) | |
| TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Pursuant to the Tenth Circuit's Order and Judgment in Appellate Case No. 18-5011 (Doc. 46), this case is remanded to the District Court of Tulsa County.

**SO ORDERED.**

**DATED THIS 21st day of June, 2019.**

*Terence C Kern*

**TERENCE C. KERN**
**United States District Judge**

_Appendix "A-6" -

1


ORIGINAL

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA

MAR 2 1 2016

MICHAEL S. RICHIE
CLERK

FRANK R. MONTERO, )
)
    Petitioner, )
)
v. )  No. 114,675
)
HONORABLE JEFFERSON D. )
SELLERS, )
)
    Respondent. )

| Rec'd (date) | 3-21-16 |
|---|---|
| Posted | |
| Mailed | |
| Distrib | |
| Publish | yes |

## ORDER

    Petitioner's application to assume original jurisdiction is granted. A writ of mandamus is hereby issued, directing respondent Judge Sellers to properly memorialize his pronouncement of September 10, 2015, denying petitioner's motion to disqualify. An entry posted on an appearance docket is not sufficient. *Clark v. Board of Education of Independent School District No. 89*, 2001 OK 56, ¶ 7, 32 P.3d 851. Any challenge to Judge Sellers' order denying plaintiff's motion to disqualify must proceed in accordance with Rule 15. The date of the filing and service of the required order pursuant to 12 O.S. §§ 696.2 and 696.3 commences the running of the time to seek rehearing before the Chief Judge or the Presiding Judge of the district, pursuant to Rule 15 of the Rules for the District Courts of Oklahoma.

-Appendix "B-1" -

The request of the real party in interest for the imposition of a sanction pursuant to Rule 1.191(j) is denied.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21st DAY OF MARCH, 2016.

_____
CHIEF JUSTICE

Concur: Reif, C.J.; Combs, V.C.J.; and Kauger, Watt, Winchester, Edmondson, Taylor, and Colbert, JJ.

Concurs in part; dissents in part: Gurich, J.



L. DISTRICT COURT
F I L E D
DEC 20 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

FRANK R. MONTERO, dba AA, INC., )
)
        Plaintiff, )
)
  vs. )
)
TULSA AIRPORT AUTHORITY, aka TAIT )
aka TAA, )
)
        Defendant. )

Case No. CV-2014-72

Judge Jefferson D. Sellers

## JOURNAL ENTRY OF JUDGMENT
## ATTORNEY FEES AND COSTS

On August 29, 2016, this case comes before the Court on Defendant Tulsa Airports Improvement Trust's Motion for Attorney Fees (filed August 11, 2015); Defendant's Supplement to its Motion for Attorney Fees (filed January 26, 2016); Defendant's Second Supplement to its Attorney Fee Request (filed August 9, 2016; and Defendant's Amended Third Supplement to its Attorney Fee and Cost Request (filed August 17, 2016). Plaintiff Frank R. Montero appears *pro se*; Jon Brightmire appears for Defendant. The Court, after reviewing the briefs and hearing argument of the parties, finds as follows:

1.     Defendant is the prevailing party, and it is legally entitled to an award of its reasonable attorney fees under both contract and 12 Okla. Stat. § 940, and statutory costs.

2.   a.     Defendant seeks to recover attorney fees and costs in the amount of $17,030.70 for the period of time through June 30, 2015. This



- Appendix "B-2" -

amount consists of 55.5 hours at an hourly rate of $335.00 and 22 hours at an hourly rate of $345.00 for Jon Brightmire, 2.4 hours for Sierra Salton at an hourly rate of $180.00, and 5.2 hours for Destyn Stallings at an hourly rate of $180.00, the total of which is discounted 15% in counsel's billings to Defendant. In addition, this amount includes costs of $65.70 for a filing fee.

      b.    Defendant seeks to recover attorney fees and costs in the amount of $6,672.00 for the period of time between July 1, 2015 and December 31, 2015. This amount consists of 22 hours at an hourly rate of $345.00 for Jon Brightmire, the total of which is discounted 15% in counsel's billing to Defendant. This amount also includes costs for a transcript in the amount of $220.50.

      c.    Defendant seeks to recover attorney fees and costs in the amount of $10,095.04 for the period of time between January 1, 2016 and May 31, 2015. This amount consists of 39.1 hours at an hourly rate of $345.00, the total of which is discounted 15% in counsel's billings to Defendant. The costs are for hearing transcripts.

      d.    Defendant seeks to recover attorney fees in the amount of $5,070.27 for the period of time between June 1, 2015 and August 17, 2016, and includes estimated attorney fees Defendant will incur between August 17, 2016 and the hearing set for August 29, 2016.

      e.    The total attorney fees and costs sought by Defendant is $39,868.01.

3.    Plaintiff has filed objections to Defendant's motion for attorney fees, in which he does not object to the hourly rates or the amount of time expended for specific tasks for which attorney fees are sought.  Based on the evidence before the Court and the Court's own knowledge, the Court finds that the hourly rates billed by the attorneys for Defendant are reasonable in this community, and the number of hours billed in this case is reasonable because of all of the filings made by Plaintiff to which Defendant was required to respond.  However, the Court further finds the quality of the Plaintiff's *pro se* filings did not require a $335.00 to $345.00 per hour lawyer to read, respond, and argue.  The Court concludes it would therefore be unreasonable to award fees in this matter at any rate in excess of $250.00 per hour.

4.    The Court concludes that reasonable attorney fees and statutory costs in the amount of $27,256.01 should be awarded to Defendant.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Tulsa Airports Improvement Trust have judgment against Plaintiff Frank R. Montero for $27,256.01.

Jefferson D. Sellers
District Judge

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA



**DISTRICT COURT
FILED**

JAN 2 6 2017

**DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY**

FRANK R. MONTERO, DBA
AA, INC., )
)
)
Plaintiff, ) No. CV-2014-72
v. )
) Judge Jefferson D. Sellers
TULSA AIRPORT AUTHORITY, AKA )
TAIT AKA TAA, )
)
Defendant. )

## ORDER

On January 26, 2017, this case comes before the Court on Plaintiff's Motion for New Trial filed December 29, 2016, as supplemented with a Supplemental Addendum to the Motion for New Trial filed January 5, 2017, and Second Supplemental Addendum to Motion for New Trial filed January 18, 2017. Defendant filed an objection to Plaintiff's Motion for New Trial on January 20, 2017. Plaintiff appears pro se. Defendant appears through its attorney, Jon Brightmire.

After reviewing the motion and hearing argument, the Court finds that Plaintiff's Motion for New Trial should be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial filed December 29, 2017 is denied.

DATED: January 26, 2017.

_____
HONORABLE JEFFERSON D. SELLERS

4108927v1

-Appendix "B-3"-



# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

SUPREME COURT
STATE OF OKLAHOMA

DEC 1 5 2017

DISTRICT COURT
**F I L E D**

DEC 2 7 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Frank Montero,          )
          Plaintiff/Appellant,   )
                       )
v.                     )          No. 115,748
                       )
Tulsa Airport Authority, aka T.A.I.T.,   )          CU-14-72
aka TAA,               )
                       )
          Defendant/Appellee.   )

## ORDER

This appeal is dismissed due to appellant's failure to comply with this Court's order to file the Notice of Completion of Record by December 8, 2017. Rule 1.2 of the Oklahoma Supreme Court Rules.

Done by Order of the Supreme Court on December 15, 2017.

_____
CHIEF JUSTICE

-Appendix "B-4"-



# TABLE OF AUTHORITIES CITED

**CASES**                                                              **Page No.**

1.  **Clark v. Board of Education of Independent School District
    No. 89, 2001, OK 56, ¶ 7,**                                        **32P.3d 851.**

2.  **Heart of Atlanta, Inc. v. United States, 379 U.S.**              **241 (1964)**

3.  **Celotex Corp. v. Cartrett, 477 U.S.**                            **317 (1986)**

4.  **Exxon Mobil Corp. v. Saudi Basic Industries Corp.
    544 U.S.**                                                         **280 (2005)**

5.  **Anderson v. Liberty Lobby, Inc., 477 U.S.**                      **242 (1986)**

6.  **Ward v. Village of Monroeville, 409 U.S. 57, 61-62, 93 S. St.
    80, 34 L.Ed.2d**                                                   **267 (1972)**

7.  **Smith v. Kansas City Title & Trust Co., 255 U.S.**               **180 (1921)**

8.  **Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182
    (1980).**

## STATUTES AND RULES

28 U.S. Code § 1443. Civil Rights Cases

(1) Against any person who is denied or cannot enforce in the <u>courts </u>of such <u>State</u> a
right under any law providing for the equal civil rights of citizens of the United
<u>States,</u> or of all persons within the jurisdiction thereof;
(June 25, 1948, ch. 646, <u>62 Stat. 938.)</u>

U.S. Const. art. 1, Title II of the Civil Rights Act of 1964

Removal Jurisdiction Exists: "when a plaintiff's action involves a *<u>claim under
federal law</u>";*  Plaintiff brought his cause of action in Case No. 4:17-CV-00622-TCK-
JFJ, that involved both Civil Rights Violations and Constitutional violations.

Federal District Court; Rule for "Motion For Summary Judgment" *<u>RULE 56.1</u>* .

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

**OPINIONS BELOW**

[X] For cases from federal courts:

The opinion of the United States court of appeals appears at Appendix *"A"* to the petition and is

[X] reported at "U.S. Court of Appeals", Tenth Circuit; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix "B" & "C" *"D" and "E"*
the petition and is

[X] reported at Federal District Court (N.D. Okla.); or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[X] For cases from state courts:

The opinion of the highest state court to review the merits appears at Appendix *"F"* __ to the petition and is

[ X] reported at **Supreme Court State Of Oklahoma**; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the _____ court
appears at Appendix_____   to the petition and is

[ ] reported at _____ ; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

1.

**JURISDICTION**

[**X**] For cases from federal courts:

       The date on which the United States Court of Appeals decided my case
       was *May 20, 2019*

       [ ] No petition for rehearing was timely filed in my case.

       [X ] A timely petition for rehearing was denied by the United States Court of
           Appeals on the following date: ***June 13, 2019.***, and a copy of the
           order denying rehearing appears at Appendix _____

       [ ] An extension of time to file the petition for a writ of certiorari was granted
           to and including _____ (date) on _____ (date)
           in Application No. _____A_____

       The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[X ] For cases from state courts:

       The date on which the highest state court decided my case was March 21, 2016
       A copy of that decision appears at Appendix *"F"*

       [ X] A timely petition for rehearing was thereafter denied on the following date:
          January 26, 2017, and a copy of the order denying rehearing
          appears at Appendix *"G"*.

       [ ] An extension of time to file the petition for a writ of certiorari was granted
          to and including _____ (date) on _____ (date) in
          Application No. ___ A _____

       The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a)

## JURISDICTION & TIMELINESS OF PETITION FOR A
## "WRIT OF CERTIORARI"

1. **From the United States Court Of Appeals For The Tenth Circuit**

   **In Case No. 18-5011 (D.C. No. 4:17-CV-00622-TCK-JFJ) (N.D. Okla.)**

   **"Order and Judgment" filed and dated; May 20, 2019.**

2. **From the United States Court Of Appeals For the Tenth Circuit**

   **In Case No. 18-5011 "Appellant's Petition For Re-Hearing"**

   **Petition was DENIED, filed and dated; June 13, 2019.**

**Pursuant to: _RULE 13.1_**

### III. The Time for Filing

You must file your petition for a writ of certiorari within 90 days from the date of the entry of the final

judgment in the United States court of appeals or highest state appellate court or 90 days from the

denial of a timely filed petition for rehearing. ___Rehearing date was filed on June 13, 2019.___

     13.3. Filing in the Supreme Court means the actual receipt of paper documents by the Clerk;

     or their deposit in the United States mail, with first-class postage prepaid, on or before the final

     date allowed for filing; or their delivery to a third-party commercial carrier, on or before the

     final date allowed for filing, for delivery to the Clerk within 3 calendar days. See Rule 29.2.

### _DECLARATION_

In strict accordance with all of the above aforementioned ___Rules___,

Petitioner last day to file "Writ Of Certiorari" is the **13, day of September 2019.**

# CONSTITUTIONAL AND STATUTORY PROVISIONS

1. A blatant violation of this petitioner's **United States Due Process of Law. Petitioner** was denied his fundamental right guaranteed by the **Due Process Clauses of the Fifth and Fourteenth Amendment[s] to the Constitution, in State Court Case No. CV-2014-72.**

2. Civil Rights violations, **U.S. Const. art.1, Title II of the Civil Rights Act of 1964**

3. Petitioner was denied his *"Motion to Alter/Amend Petition"* by the Federal District Court (N.D. Okla.) in Case No. 4:17-CV-00622-TCK-JFJ, even after the **United States Court Of Appeals For The Tenth Circuit,** handed down more than [10] ten consecutive **ORDERS,** directing the lower court to construe Petitioner's "Motion to Alter/Amend Petition" as a motion under **Rule 59 of the Federal Rules of Civil Procedures.**

4. Application of the **Constitution** or laws of the United States, that determines that **jurisdiction exists under the provision of; Statute 28 U.S.C. § 1443, and was ignored.**

5. Failure of the United States Court Of Appeals For The Tenth Circuit, in appeal Case No. 18-5011, to take up the very issue and merits of Petitioner's appeal, regarding Appellant's timely filed **"Motion For Summary Judgment"**, that went unaddressed by the Court.

*Defendant failed to file a responsive pleading to Plaintiff's "Motion for Summary Judgment" "no genuine issue exists as to any material fact", in Case No. 4:17-CV-00622-TCK-JFJ.*
**Statute 28 U.S.C. § 1443.**
**Fed. R. Civ. 59(e) Rule for the granting of "Motion To Alter/Amend Petition".**

**Fed. R. Civ. 56.1,** Rule that governs "Motion For Summary Judgment".

**Statute 28 U.S.C. § 1367,** is a codification of the Supreme Court's ruling on ancillary jurisdiction. **Statute 28 U.S.C. § 1331,** Supplemental Jurisdiction is the authority of the United States Federal Courts to hear additional claims, related to the original claim.

**Rule 56(e) of the Federal Rules of Civil Procedure;** The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of its case.

**Authority Cited: Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242 (1986) Appears herein on page 8; as was documented in "Table Of Authorities".

**Fed. R. Civ. P. 59(e) The Motion is a Rule 59 motion, regardless of its label. Authority Citing; Yost v. Stout,** 607 F.3d 1239, 1243 (10th Cir.2010).

In, **Clark v. Board of Education of Independent School District No. 89,** 2001 OK 56, ¶ 7 32 P.3d 851.

THE ASSIGNED JUDGE'S FAILURE TO RULE ON THE TEACHER'S RECUSAL QUEST NOT ONLY DENIED HER A VALUABLE CONSTITUTIONAL RIGHT BUT ALSO EFFECTIVELY CLOSED HER DOOR TO TRIGGERING FURTHER RELIEF QUEST UNDER THE RULE-PRESCRIBED RECUSAL PROCEDURES.

{The trial judge's failure to rule upon her quest to disqualify him deprived her of a fundamental right guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments}

In Tumey v. Ohio, 273 U.S. 510, 512, 47 S. Ct. 437, 71 L. Ed. 749 (1926), the first major U.S. Supreme Court case linking due process with judicial impartiality, Chief Justice Taft held that a "trial before a tribunal financially interested in the result of its decision constitutes a denial of due process of law". *Because State Court Judge, violated Federal Due Process in CV-2014-72.*

## *"NOW A FEDERAL- QUESTION JURISDICTION HAS BEEN RAISED"*

Hence, removal jurisdiction for a plaintiff, exists, "when a plaintiff's action and cause of removal involves a claim-under **federal law", pursuant to;**

## 28 U.S. Code § 1443, in all Civil Rights Cases and Constitutional violations.

**The United States Court Of Appeals For The Tenth Circuit's "order" that remanded this case back to the jurisdiction of State Court is futile, because it was there that the trial judge demonstrated a financial interest its decision that constituted a "denial of due process of law". Made evident by the "WRIT OF MANDAMUS" granted to plaintiff/petitioner by the "Supreme Court of the State of Oklahoma, that stated; the trial judge denied the plaintiff "DUE PROCESS OF LAW", then made an award of attorney fees.**

*Federal-question jurisdiction gives the federal court __subject matter jurisdiction__ to hear a Civil Case because the appellant has claimed a violation of the __Constitution.__ Jurisdiction is retained. In Citing: __Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921).__*

The ruling for **Smith v. Kansas City** Title & Trust Co. literally took power back away from state law and gave power back to federal law. By ruling on the **constitutionality** of the issue, __*the Supreme Court*__ took a district case and **made it federal.** By doing so, the court redefined the boundaries for __*federal-question jurisdiction.*__

*"Federal-question jurisdiction" can be used by this Supreme Court, to* **hear this case".**

This petitioner, has clearly claimed both Civil Rights violations by the defendant, and the clear and evident violation of petitioner's constitutional right having been denied by State Court throughout its proceedings, that demonstrated the __*unconstitutional act[s] of*__ violating petitioner's right to **due process of law,** __*this appellant/petitioner has created a federal suit.*__

*"The Supreme Court ruled in its adjudication of the above case by (Justice William R. Day) that even where a __cause of action__ arises under state law, a federal court may have jurisdiction if it appears that the right to relief rests on the construction and application of a federal law". Justice day ruled that the District Court had jurisdiction, stating, "the general rule is that where it appears from the bill or statement of the plaintiff that the right to relief depends*

9

*upon the construction or application of the **Constitution** or laws of the United States, and that such claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.*  <u>**Statute 28 U.S.C. 1443**</u>

The United States Court Of Appeals For The Tenth Circuit, in appeal Case No. 18-5011, asserted and adjudicated its jurisdictional authority in dismissing and vacating the defendants "Motion to Dismiss For Lack of Jurisdiction". That was issue No. 1 raised in the appellant's appeal, dismissed and vacated by the "Tenth Circuit Court" accordingly...

- ***Issue No. 2,*** appellant argued, pleaded and fervently requested that the

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT, to respectfully comply with the Federal Rules that govern civil procedures [RULE 56.1] "Motion For Summary Judgment", that should have been granted accordingly. The plain language of Rule 56(c) mandates the entry of summary judgment.

- **Celotex Corp. v. Cartrett,** 477 U.S. 317 (1986)

- **Exxon Mobil Corp. v. Saudi Basic Industries Corp.** 544 U.S. 280 (2005)

- **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242 (1986)

**Rule 56(e) of the Federal Rules of Civil Procedure;** The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of its case. <u>***NO GENIUNE ISSUES EXIST IN THIS CASE.***</u>

<u>***FEDERAL RULE OF CIVIL PROCEDURE:***</u> **LOCAL RULE LCvR 7.2 "Motion Practice"**

(e) Response Briefs. Each party opposing a motion shall file with the Court Clerk and serve upon all other parties a response within twenty-one (21) days from the date the motion was filed, and the copy served on opposing counsel shall reflect, either by file stamp or notation, the date of filing. In the discretion of the Court, any non-dispositive motion which is not opposed within twenty-one (21) days may be deemed confessed. The requirements of Fed. R. Civ. P. 6 (d) are satisfied by this 21-day time period and an additional 3 days may not be added.

10

**The United States Federal District Court (N.D. Okla.) has Federal-Question Jurisdiction**

Per: [Title 28 U.S.CODE § 1443] under "*__Constitutional Violations__*"

**When a plaintiff's right to "DUE PROCESS OF LAW" has been violated;**

- *Citing:* **Marshall v. Jerrico, Inc.,** 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d *182 (1980) as matter of procedural fairness "[t]he Due Process Clause entitles a person to an impartial and financially disinterested Tribunal in civil cases").*

- *Citing:* **Ward v. Village of Monroeville,** 409 U.S.57, 61-62 93 S. Ct. 80, 84, 34 L.Ed.2d *267 (1972) (a "neutral and detached judge in the first instance" is a fundamental right guaranteed by the Due Process Clause).*

  *__Federal-Question Jurisdiction,__ is both warranted and mandatory to;*

  *a.* **Ensure procedural fairness to individual "pro-se" litigants.**

  *b.* **To preserve "public" confidence, and integrity in our judicial system.**

- *Citing:* ***Smith v. Kansas City Title & Trust Co.,*** 255 U.S. 180 (1921),

  Federal courts can only rule over cases with subject matter dealing with Congress or the Constitution. Federal-question jurisdiction gives the federal court subject-matter jurisdiction to hear a civil case because the appellant has claimed a violation of the Constitution, **his Federal Due Process of Law was declared to be violated!**

**Because the United States Court Of Appeals For The Tenth Circuit, in its Order and Judgment, dated May 20, 2019,** *[exercising de novo review, we conclude that the federal district court __erred__ in dismissing the action under the Rooker-Feldman doctrine].*

Petitioner / Appellant argues that his timely filed "*__Motion For Summary Judgment__*", *that went unanswered by the evidence that no "required" responsive pleading was procedurally entered into the court record in Federal District Court Case No. 4:17-CV-00622-TCk-JFJ, Rule 56.1 requires that the appellant's "Motion For Summary Judgment" must be granted, accordingly .*

## STATEMENT OF THE CASE

Petitioner filed his cause of action as being: **CIVIL RIGHTS VIOLATIONS, against the Defendant, who refused to correct its erroneous assignment of plaintiffs' lease for 25 years.** And violated the **"Civil Rights Act of 1964"** (Pub.L. 88–352, 78 Stat. 241,(July 1964).

On November 14, 2017, Plaintiff – Petitioner filed his Case No. 4:17-CV-00622-TCK-JFJ.

Filed in the *Federal District Court (N.D, Okla.), case was accepted and docketed accordingly!* See (ECF No. 4) wherein Plaintiff filed for an "Emergency Order for Stay of Judgment" on November 17, 2017, on the grounds that in Tulsa County District Court State of Oklahoma, in Case No. **CV-2014-72, violated** Plaintiff's **Constitutional Right[s] to Due Process of Law. And refused after (5) five years to offer any relief against the Defendants for discriminating.**

**Due Process was denied; in Supreme Court of the State of Oklahoma's "Writ".** Made evident in its *"Writ of Mandamus"* that the *Judge* in the District Court For and In Tulsa County State of Oklahoma, had throughout the court proceedings denied the Plaintiff's **Federal Due Process of Law.** The above "Supreme Court" cited in its "WRIT" the following case law citation:

- Citing: **"CLARK v. BOARD OF EDUCATION OF IND. SCH. DIST. NO. 89."**

*[The trial judge's failure to rule upon her quest to disqualify him deprived her of a fundamental right guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments].*

Petitioner brought and filed his case in the Federal *District Court, based on: Federal-Question- Jurisdiction under the Federal provision of;* **Statute 28 U.S.C. 1443.**

- *Citing:* **Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921).**

*"The Supreme Court ruled in its adjudication of the above case by (Justice William R. Day) that even where a* <u>cause of action</u> *arises under state law, a federal court may have jurisdiction if it appears that the right to relief rests on the construction and application of a federal law".*

**28 U.S. Code § 1443 "In Civil Right Cases", provides the following relief in Federal Court.**

(1). Against any person who is denied or cannot enforce in the <u>courts</u> of such <u>State</u> a right under any law providing for the equal civil rights of citizens of the United <u>States</u>, or of all persons within the jurisdiction thereof. The Federal District Court (N.D. Okla.) proceeded to notify the Defendant on 11-17-2019, clearly in the record made evident in (ECF No. 4) "Complaint against the Defendant" by (jln, Dpty Clk). The Defendant continued to correspond with the Federal District Court, in its filings and pleadings by notifying the Court of a previously filed **"related case",** made evident in the defendant's filing; See (ECF No. 6). Relevant facts and court stamped filings, continued to take place, under ***Title 28 U.S.C. § 1443.*** **Plaintiff, then timely caused to have filed his "Motion For Summary Judgment" on 12-08-2017, made evident by (ECF No. 7) per Rule 56:** "MOTION FOR SUMMARY JUDGMENT". *[A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law]. No responsive pleading was entered by the Defendant, per Fed. Civ. R.P. LCvR (7.2).*

- [Fed R. Civ. P. 56(1). All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party].

**Defendant grossly violated the rules that govern the scope of Federal Civil Procedure[s].**

LCvR7.2 Defendant filed "***NO***" Response Briefs. Each party opposing a motion shall file with the Court Clerk and serve upon all other parties a response within twenty-one (21) days from the date the motion was filed, and the copy served on opposing counsel shall reflect, either by file stamp or notation,

the date of filing. Any non-dispositive motion which is not opposed within twenty-one (21) days may be deemed confessed. The requirements of Fed. R. Civ. P. 6 (d) are satisfied by this 21-day time period and an additional 3 days may not be added. Pursuant to Rule 56 "in this case", there is no genuine dispute as to any material fact[s]. Hence, the movant is entitled to summary judgment as a "matter of law". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242. *A United States Supreme Court Case, that set the standard for granting summary judgment.*

**In petitioner's appeal to the United States Court Of Appeals For The Tenth Circuit, in Appeal Case No. 18-5011; "only 2 (two) issues were raised in the appellants' appeal".**

1. Was the Defendant's "Motion to Dismiss for Lack of Jurisdiction" (ECF NO. 11) based on the "Rooker Feldman Doctrine" applicable and grounds for dismissal of the case, by the Federal District Court, see (ECF No. 20) entered on 01/10/2018 **?**

*RULING: In the above question no. 1; The Tenth Circuit Court, ruled and decided the following: In Appeal Case No. 18-5011. See Order and Judgment, dated: May 20, 2019.*

   *[Exercising de novo review, we conclude that the district court **erred** in dismissing the action under the "Rooker- Feldman Doctrine"].* Issue resolved.

*Issue No. [2] and merit of appellant's appeal, respectfully presented to the (10th Cir. Ct.)*

2. Should the Plaintiff's *timely filed "Motion for Summary Judgment" filed on (12/08/2017);* see (ECF No. 7) have been granted, pursuant to the **"rules that govern federal civil procedures", RULE 56 "Motion For Summary Judgment"?**

   "A very relevant fact", is that the Plaintiffs "Motion For Summary Judgment" was filed before the Defendant's "Motion to Dismiss for Lack of Jurisdiction". **Furthermore, the defendant never entered a responsive pleading in the record to the plaintiff's "Motion For Summary Judgment"; per Rule LCvR7.2 Motion Practice (e).**

   *[A responsive pleading – objection – and brief is required within (21) days.]*

14

Petitioner **pleaded** for the United States Court Of Appeals For The Tenth Circuit, to reverse and remand back to the Federal District Court, an "***Order***" to **grant plaintiff – appellant, his timely filed "Motion For Summary Judgment" that went unanswered by the defendant is Federal District Court Case No. 4:17-CV-00622-TCK-JFJ, accordingly.**

> **"*Summary Judgment is proper when there is no genuine issue to material* fact".**

- **See Case Cited: Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242 (1986).

# Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*"In this case the reason is very obvious; NO GENIUNE ISSUES AS TO MATERIAL FACTS*

*EXIST IN THIS CASE"! Why not? Because no responsive pleading or a single objection was*

*ever timely filed in this case by the defendant who "violated Federal Rules of Civil Procedure"*

*by grossly failing to "ever file a responsive pleading" pursuant to Fed. R. P. LCvR (7.2)*

*Motions, (e) and enter a responsive pleading to Petitioner's Motion For Summary Judgment.*

> ***Surely the United States Court Of Appeals For The Tenth Circuit, cannot be the Defendant's advocate, nor can it put on public display any "bias or partiality" contrary to the INTEGRITY OF THE LAW***, that applies equally to attorneys as it does to Pro-se litigants.

Motion For Summary Judgment 56 (e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: consider the fact undisputed for purposes of the motion...

And issue an "***ORDER***" granting summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to his timely filed "Motion For Summary Judgment.

# XIII.  REASONS FOR GRANTING THE PETITION

- The number one **compelling reason that the;**

## _UNITED STATES SUPREME COURT,_

should grant this certiorari, is for the preservation of _U.S. Citizens of the State of Oklahoma,_

_"to preserve the citizens Health, Safety and Welfare" that is presently being placed at risk by the_

_Defendant[s] Tulsa Airport Improvements Trust and its corporate sole beneficiary, the City of_

_Tulsa, Tulsa Oklahoma.  The defendant is and has been for more than (20) twenty years,_

_polluting the entire underground water shed, on the airport known as the_ "Richard Lloyd Jones,

Jr. Airport", by installing (137 +) unregulated (with no D.E.Q. permits) into public land owned

by the 'City of Tulsa, Tulsa Ok".  Petition must be granted, because the Federally regulated

river a/k/a Arkansas River is less than a (1/4) quarter mile away.  In addition the defendant,

Tulsa Airport Improvements Trust, is a "Federally Funded F.A.A." grant assurance

recipient.  The defendant is Federally and Judiciously "obligated" to our Federal

government, on (2) two fiduciary obligations and compliance[s].

- The Civil Rights Act of 1964 and **its duty to guarantee all citizens <u>equal protection</u> of the laws under the <u>Fourteenth Amendment,</u>**
- **To always be in strict "compliance" with all Federally Regulated Agencies of our government, i.e. "E.P.A. & D.E.Q." & Tulsa County Health Dept.**

The defendant is willfully creating another, Flint, Michigan, water pollution and below

ground water contamination problem, while it is receiving financial benefits under the

Federal Grant Assurance Program 22, making our government a Co-conspirator.  The

defendant has violated "The Civil Rights Act of 1964" by insisting to "evict" this plaintiff

off of public property "the above airport" for disclosing its reckless out of control "federal

violations".  All neighboring States and the Arkansas River is at stake, a "public interest"!

16

The Tulsa County District Court - In And For The State Of Oklahoma, including the Supreme Court of the State of Oklahoma, have refused to bring the defendant into statutory compliance. The District Court in and for Tulsa County (Judge; Jefferson D. Sellers) after approximately (5) years of litigation, in Case No. CV-2014-72, refused to uphold and enforce Oklahoma State statutes that protect the **citizens "Health, Safety, and Public Welfare"**. He, the aforementioned Judge thinks: [*it perfectly fine for the citizens to drink potable water at and on the airport, Richard Lloyd Jones Jr. Airport]* **from potable water lines buried underground that touch and cross-over "un-regulated unlawfully installed septic tanks" that were installed with absolutely no D.E.Q. permits.** ***Please keep in mind,*** the plaintiff is disclosing and unveiling the very herein named defendant (City of Tulsa, Tulsa, Oklahoma) that just spent more than ($500,000,000.00) **"Five million dollars" on this year's construction project, their nationally known "tourist attraction" called the "Gathering Place".** While giving total disregard to their blatant intent of usurping our **Federally Regulated Agencies, i.e. [E.P.A. & D.E.Q]. It is a national concern when "We The People" citizens of the United States, begin to see that "local governmental politics" can use our United States funding and grant assurance FAA programs [22] to place at risk the "Peoples, Health, Safety, and Welfare" ! This defendant[s] and the State of Oklahoma, were the very same Plaintiff's that brought a suit in Federal Court (N.D. Okla.) see Case No. 4:05-CV-00329 "State of Oklahoma et al. vs. Tyson Food, Inc., et. al.". And for what cause of action, polluting the Illinois River!**

*We The People and Citizens* of the State of Oklahoma, desperately plead with our **UNITED STATES SUPREME COURT,** to duly preserve and protect with all due diligence our Health, Safety and Public Welfare, for such a time as this, a time when our local courts and government refuse to enforce their own statutes, on behalf and interest of its' citizens.

The national overwhelming importance of the Supreme Court, deciding, and granting this petition, is because, it not only involves the citizens of the State of Oklahoma, but all the neighboring "States" that geographically touches and boarders the Federally Regulated "Arkansas River". The defendant and the "City of Tulsa, Tulsa Oklahoma" are intentionally placing on open display to our nation, how that it can receive federal funding from one federal agency i.e. [F.A.A.] while undermining and usurping other federally regulated agencies that were "specifically" put in place to protect the citizens of the entire United States, "Health – Safety – and Public Welfare".

The herein named defendant[s] are deceptively asking our federal government to pay for all the blatant D.E.Q. & E.P.A. "violations" it is creating, in the same manner the "City of Flint, Michigan" and its governmental employees did. The defendant has violated its privileges and legal rights to continue to obtain any further, and future funding under the "Federally Funded Grant Assurance Program 22". That national announcement to all other existing FAA Grant Assurance Program 22, [airports] can clearly be made in the granting of this petition, by this "UNITED STATES SUPREME COURT"!

*Citing: *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964).

"The U.S. Supreme Court held that Congress acted well within its authority under the Commerce Clause in passing the Civil Rights Act of 1964, thereby upholding the act's Title II in question".

The defendant[s] sought to kick Petitioner, "Montero" off the publicly owned property, [federally funded by the F.A.A grant assurance program 22], by terminating his existing ground lease, for disclosing to the court[s] the unlawful installation of more than (137) booted legged septic tanks. Congress did not unconstitutionally exceed its powers under the Commerce Clause by enacting Title II of the 1964 Civil Rights Act, (emphasis added).

18

# CONCLUSION.

Petitioner, concludes with a concise and relevant review of the facts, that were presented for review to the United States Court Of Appeals For The Tenth Circuit in appeal No. 18-5011.

1. Was the "Rooker-Feldman Doctrine used by the Defendant in his "Motion to Dismiss For Lack of Jurisdiction", relevant, applicable and grounds for dismissal by the Federal District Court (N.D. Okla.)? *The decision made by the "Tenth Circuit Court, was <u>no</u>.* *[Exercising de novo review, we conclude that the district court erred in dismissing the action under the Rooker-Feldman doctrine].*

<u>No</u> other question or issue was raised by this Petitioner that would have provoked the jurisdictional authority for the "Tenth Circuit Court" to determine "jurisdiction".

2. Petitioner's second issue and *"merit"* of this Petitioner's **appeal in appeal no. 18-5011,** for the "Tenth Circuit Court of Appeals" to take up for review, exercising "de novo review" was the **<u>fact</u>** that, Petitioner asked and prayerfully *"<u>pleaded"</u>* for his, "Motion For Summary Judgment" that went **unanswered by the defendant** to be granted. [*The second above stipulated issue raised by petitioner, <u>went un-addressed by the "Tenth Circuit Court of Appeals"</u>*]. Violating <u>*FEDERAL RULES OF CIVIL PROCEDURE.*</u>

This created a discrepancy not only in this case, but in every other case[s] that the "Circuit Court[s] of the United States" has ethically and judiciously exercised its authority in;

*[Pursuant to; the plain language of <u>Rule 56, which mandates the entry of summary judgment</u>, against a party who fails to make a showing (responsive pleading) sufficient to establish the existence of an element essential to that party's case.] The moving party is "entitled to a judgment as <u>a matter of law"</u>,* because no genuine issues exist in this case.

19

In the Federal District Court (N.D. Okla.) Case No. 4:17-CV-00622-TCK-JFJ, Plaintiff timely caused to have filed as of record his "***Motion For Summary Judgment***" (ECF No. 7) on December 8, 2017. The **rules** that govern Federal procedure in civil actions both require and mandate that a "**responsive pleading and or an objection with a brief in support**" be timely **filed by the defendant within (21) days [LCvR7.2 "Motions"].**

**FACTS: Defendant grossly failed to file a responsive pleading to Plaintiff's timely filed "Motion for Summary Judgment" and no extension of time was requested.**

[In such a situation, there can be "**no genuine issues as to any material fact,**" since a **complete failure of proof concerning an essential of the nonmoving party's case necessarily renders all other facts immaterial].  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.**

**Citing: Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).**

*[Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), is a <u>United States Supreme Court</u> case articulating the standard for a trial court to grant <u>summary judgment</u>.]

Petitioner, "Montero" prayerfully pleads that this Court, to hold and find the same: "Summary judgment will not lie if the dispute about a material fact is "genuine," that is, **if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *In this case[s] there exists absolutely "no genuine issues as to any material fact".***

This, the "SUPREME COURT OF THE UNITED STATES" has the power of <u>judicial review</u>, and the ability, to grant this pro-se, petitioner his timely filed "Motion For Summary Judgment" pursuant to its very own **RULES, that govern Federal Civil Procedures; RULE 56.1. The Supreme Court held a "clear and convincing" standard applies to summary judgment as well!**

Review of voidable "ORDER" of the erroneous award of attorney fees made in State

Court *[IN THE DISTRICT OF TULSA COUNTY-STATE OF OKLAHOMA] Case No. CV-2014-*

*72, filed on December 20, 2016. Awarded by judge; Jefferson D. Sellers, who previously was*

*charged by the "Supreme Court Of The State Of Oklahoma" in its's "timely" filed of record,*

*"WRIT OF MANDAMUS"*, dated March 21, 2016, violating; **"Federal Due Process of Law"**.

Cited within the very contexts of the above **"Writ of Mandamus"** was the following case law...

- **Clark v. Board of Education of Independent School District**
  No. 89, 2001, OK 56, ¶ 7,32P.3d 851

  [Clark's constitutional challenge afforded her the right to a hearing on the issue she raised and a judicial resolution memorialized of record. The trial judge's failure to rule upon her quest to disqualify him deprived her of a fundamental right guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments].

- **In Tumey v. Ohio,** 273 U.S. 510, 512, 47 S. Ct. 437, 71 L. Ed. 749 (1926), the first major U.S. Supreme Court case linking due process with judicial impartiality, Chief Justice Taft held that a "trial before a tribunal financially interested in the result of its decision constitutes a denial of due process of law." A CONSTITUTIONAL VIOLATION

**Petitioner, prayerfully pleads with the United States Supreme Court to find the following:**

*"The erroneous award of attorney fees made in the "Journal Entry of Judgment" be; adjudged VOID, set aside, finding the attorney award fees to be invalid and of no force".*

- **Marshall v. Jerrico, Inc.,** 446 U.S. 238, 242, 100 S. Ct. 1610, 1613, 64 L. Ed. 2d 182 (1980) (as matter of procedural fairness "[t]he Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases")

- **Ward v. Village of Monroeville,** 409 U.S. 57, 61-62, 93 S. Ct. 80, 84, 34 L. Ed. 2d 267 (1972) (a "neutral and detached judge in the first instance" is a fundamental right guaranteed by the Due Process Clause).

*The State of Oklahoma's Tulsa County's District Court "Order" in Case No. CV-2014-72, that placed the ground lease contract "Sua- Sponte" in plaintiff's name was erroneously filed in the wrong Case, Case No. CV-2014-924, making the award of attorney fees, "voidable and" "set aside", because judge denied plaintiff, "Due Process", which is; "Un-Constitutional"!*

Petitioner, pleads for his right to relief and for the relief and right for the citizens of Oklahoma, regarding their HEALTH – SAFETY, AND PUBLIC WELFARE.

*SUPREME COURT OF THE UNITED STATES, send a clear and national message, to all Federally Funded (political subdivisions) i.e. (airports) throughout these United States.*

*That the "Supreme Court" and (the peoples and citizens) of our United States, will not tolerate by any means for the providing of federal funding, i.e. F.A.A. Federal Grant Assurance Grant Program 22, for the undermined malicious purpose of placing its people[s] HEALTH – SAFETY – AND PUBLIC WELFARE, AT RISK ON PUBLIC PROPERTIES!*

*"The installation of 137 (one hundred and thirty-seven) illegally boot-legged septic tanks, installed touching potable drinking water lines into and onto "public property", installed with no D.E.Q. required permits, will cause the immediate loss of federal funding".*

### *PRAYER OF RELIEF*

Petitioner fervently asks for his timely filed **"Federal"** "Motion for Summary Judgment" be granted by this Court, in the entire exact amount in which it was pleaded for, and in addition an order setting aside the erroneous award of attorney fees. ***Should it please the court; to award punitive damages,*** charged in the form of a money judgment against defendant in favor of this petitioner/plaintiff, as damages equal to the amount of Petitioner's above, "Motion For Summary Judgment", for willfully and recklessly placing the public's ***health, safety and welfare at risk!***

Sincerely submitted,

*Frank R. Montero*

**Frank R. Montero, "pro-se"**
**Petitioner / Plaintiff / Appellant**
**10041 So. 91st East Ave.**
**Tulsa, Oklahoma 74133-6122**
**(918) 740-9045**
Frankmonte251@gmail.com

DATED: JULY 27, 2019.

I, FRANK R. MONTERO the herein undersigned _Frank R. Montero_

Does certify that a true and exact copy of the foregoing instrument titled as

## MOTION TO RECONSIDER AND OR VACATE

## ORDER OF DISMISSAL

Filed on the 17th day of April, 2023 in the UNITED STATES DISTRICT COURT

OF THE NORTHERN DISTRICT OF OKLAHOMA

Has been timely forwarded via prepaid usps postage attached thereon to all the following parties, below: HAND DELIVERED (___) AND OR PDF EMAIL FILED SENT ( X ).

D.S.D. & A. LLP, LAW FIRM

ATTN: ATTORNEY MR. PAT MENSCHING FOR T.A.I.T.

TWO WEST 2ND STREET – SUITE 700

TULSA, OKLAHOMA 74133-6122

By: _Frank R. Montero_

Frank R. Montero, Defendant, Pro-Se

429 Lafayette St. – Bristol, PA. 19007

(918) 740-9045

Frankmonte251@gmail.com

Mailing address: 10041 So. 91st East Ave.

Tulsa, Oklahoma 74133

DATED: APRIL 17TH 2023.