## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TULSA AIRPORTS
IMPROVEMENT TRUST,

      Plaintiff,

v.

FRANK R. MONTERO,

      Defendant.

Case No. 23-CV-143-GKF-JFJ

## <u>ORDER</u>

On April 12, 2023, this court entered an Order and Judgment of Remand and remanded to the District Court in and for Tulsa County, Oklahoma, Case No. SC-2023-162, for lack of jurisdiction.  [Docs. 3 and 4].  On April 17, 2023, defendant filed a Motion to Reconsider and/or Vacate Order of Dismissal, [Doc. 7], which the court construes as a Motion to Alter or Amend a Judgment, pursuant to Fed. R. Civ. P. 59(e), as it was filed within 28 days of the Judgment of Remand.[1]

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence."  *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (internal brackets omitted).  Such a motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple."  *Syntroleum Corp. v. Fletcher Intern., Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009).  As a result, the only grounds for granting a Rule 59(e) motion are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

---

[1] Because Mr. Montero appears without counsel, the court liberally construes his filings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

prevent manifest injustice." *Monge*, 701 F.3d at 611; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). "Clear error . . . requires the definite and firm conviction that a mistake has been committed." *Maul v. Logan Cty. Bd. of Cty. Comm's*, No. CIV-05-605 C., 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006).

In support of his Motion, Mr. Montero asks the court to review a Petition for Writ of Certiorari to the United States Supreme Court, Case No. 19-5939, and Case No. 18-5011 before the Court of Appeals for the Tenth Circuit.[2]  Because the referenced cases are from 2019 and 2018 respectively, information related to both cases was available to Mr. Montero when he filed his notice of removal on April 10, 2023.  The court notes that Case No. 19-5939 appears to be an appeal to the United States Supreme Court from the Tenth Circuit decision in Case No. 18-5011. The court further notes that Mr. Montero's Petition for Writ of Certiorari to the United States Supreme Court in Case No. 19-5939 was denied on November 12, 2019.  In addition, in Case No. 18-5011, the Tenth Circuit found that a previous attempt by Mr. Montero to remove a claim involving the plaintiff in this case was not permitted because a plaintiff may not transfer or remove a case to federal court and so the district court lacked jurisdiction.

Having reviewed the cases presented by Mr. Montero in his Motion, the court finds there has been no intervening change in the controlling law, no new evidence previously unavailable to Mr. Montero, and no need to correct clear error or prevent manifest injustice as required to grant a Rule 59(e) motion.

---

[2] The court may take judicial notice of the filings in the referenced cases as those proceedings have a direct relation to the matter at issue.  *See St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (internal citation omitted) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

THEREFORE, IT IS ORDERED that the Motion to Reconsider and/or Vacate Order of Dismissal, [Doc. 7], filed by Mr. Montero is denied.

Dated this 17th day of April 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE